**Ducthanh Thi NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–04–00449–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2005.

Gary Michael Polland, Polland & Cook, L.L.P., Lance C. Hamm, Houston, TX, for Appellant.

Amanda J. Peters, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted Ducthanh Thi Nguyen of insurance fraud, and the court assessed punishment at five years' probation. On appeal, Nguyen contends (1) the evidence is not legally or factually sufficient to support the conviction of insurance fraud; (2) the trial court erred in admitting evidence of an extraneous homicide; (3) the trial court erred in not instructing the jury on her accomplice theory; and (4) the trial court erred in admitting hearsay evidence. We hold that the evidence supports Nguyen's conviction for insurance fraud, that the trial court did not err in admitting evidence of a homicide or in charging the jury, and that Nguyen waived her hearsay argument. We therefore affirm.

### Facts

In the early morning of April 11, 2003, at approximately 4:29 a.m., Nguyen called the Houston Police Department and reported her 2002 BMW X5 SUV ("BMW") stolen. Nguyen told the police that, hours earlier, she had driven the BMW to attend a birthday party at Gatsby's night club in Houston, Texas, accompanied by her cousin Jacqueline Bahutar. While in the club, Nguyen gave Bahutar the keys to the BMW. When they were ready to leave the club, they could not find the keys. They walked to where the BMW was parked and noticed that it was missing. Nguyen reported that whomever took the keys

must have hit the panic button on the key chain to find the car.

Nguyen had an automobile insurance policy with Farmer's Insurance. The next day, on April 11, 2003, at approximately 2:15 p.m., Nguyen called a Farmer's Insurance service help line and reported her BMW stolen. Nguyen's claim was referred to an adjuster, Allison Wood. On April 15, 2003, Wood began a standard claim review by mailing Nguyen a proof of loss and physical damage form, and ordering a copy of the police report. Wood noted from her copy of the police report that Nguyen claimed that the theft had resulted in a $65,000 loss to her.

On April 14, 2003, an anonymous caller telephoned 9–1–1 and reported that individuals were stripping a car involved in a possible homicide, on property owned by Terrence and Tracy Murray, located in Bastrop, Texas. On April 15, 2003, officers from the Bastrop County Sheriff's Department drove to the Murrays' property. The police found several people in the process of cutting Nguyen's BMW into pieces and burying it on the property. The BMW was not just stripped for parts; it was completely dismantled. All that remained of the BMW was a basic frame and an engine—and the engine had been beaten with a sledgehammer in an apparent attempt to destroy it. A Galveston police officer testified that it would have taken several days to dismantle the BMW to leave it in the condition in which it was found.

Four people were present at the property when the Bastrop police arrived: Michael Pedraza, James Finely, Terrance Murray, and Traci Murray. The police separately interviewed these people, and they consistently reported that the BMW had been brought to the Bastrop property around April 8, 2003. Traci Murray testified that Pedraza drove the vehicle to their property in the evening of April 8, 2003—two days before Nguyen claimed that she had driven it to the club where it had been stolen. Traci Murray also testified that on April 9 or 10, Pedraza used a blow torch to begin dismantling the BMW.

Traci Murray testified that Pedraza had promised to pay the Murrays to store the BMW and later had promised to pay them more money to bury the BMW on the Murrays' property. James Finley reported to the police that he owed Pedraza money and that he had agreed to help dismantle the BMW in payment of the debt. Pedraza reported to the police that he was destroying the BMW because it was evidence in a homicide investigation regarding an unidentified body found in Galveston. He later stated that he stole the car from someone who owed him money. Pedraza was able to give the police accurate directions to Nguyen's neighborhood, which was different from the address on her license.

After several attempts to contact her, on April 21, 2003, Wood spoke with Nguyen and scheduled a date to obtain her recorded statement. Wood also sent Nguyen claim forms to complete. In connection with completing these forms, Nguyen told Wood that her husband had installed special rims and tires on the BMW. Wood told Nguyen that because she lacked receipts for these additions she could not claim them.

On April 25, 2003, Nguyen returned her Proof of Loss and Facts of Occurrence statements to Farmer's Insurance. On the Proof of Loss form, Nguyen reported that she had purchased the BMW for $55,000 plus tax, title and license, and that she owed $48,441.65 on a corresponding loan. Nguyen did not estimate the worth of the BMW.

Nguyen gave a recorded statement to Wood on April 29, 2003. In the statement, Nguyen claimed that her BMW had been stolen from Gatsby's parking lot on the evening of April 11, 2003. She claimed that she had lost her keys in the bar. Wood determined that the BMW was worth $44,800 plus title, tax and license.

On April 30, 2003, the Bastrop Police Department called the Houston Police Department to confirm the identification of a missing BMW. The identification number of the BMW found on the Murrays' property matched Nguyen's BMW. With this information, the Houston Police Department called Farmer's Insurance, and learned that Nguyen had made an insurance claim. Bahutar, the cousin who allegedly had accompanied Nguyen on the night that Nguyen reported her BMW stolen, refused to speak to an investigator from Farmer's Insurance and failed to return any phone calls made by the Houston Police Department.

#### Legal Sufficiency

■ Nguyen contends that the evidence is not legally sufficient to support her conviction for insurance fraud because the State did not prove that her statements to Farmer's Insurance were made as a claim for payment equaling more than $20,000, and were made with the intent to defraud Farmer's Insurance out of that payment.[1] Specifically, Nguyen contends that, because she did not estimate the worth of her BMW on the Proof of Loss form, she never sought reimbursement from Farmer's Insurance, and thus no evidence exists that she intended to defraud it.

■ We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *King v. State,* 29 S.W.3d 556, 562 (Tex. Crim.App.2000). In a legal sufficiency review, we may not substitute our own judgment for that of the fact finder. *Id.*

■ A person commits the offense of insurance fraud if,

> with the intent to defraud or deceive an insurer, the person ... presents to an insurer in support of a claim for payment under a ... property and casualty insurance policy a statement that the person knows contains false or misleading information concerning a matter that is material to the claim, and the matter affects a person's right to a payment or the amount of payment to which a person is entitled.

TEX. PEN.CODE ANN. § 35.02(a) (Vernon Supp.2004–2005). A defendant's intent may be inferred from her actions, words, and conduct. *Henderson v. State,* 825 S.W.2d 746, 749 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd). Whether property is damaged or lost in the manner and under the circumstances described in a statement relating to an insurance claim is "material to a claim for payment under an insurance policy." TEX. PEN.CODE ANN. § 35.02(c)(8) (Vernon Supp.2004–2005).

In the present case, Nguyen called the Farmer's Insurance hotline to report that her BMW had been stolen on April 11, 2003—two days after it had, in fact, arrived in Bastrop, Texas to be destroyed. Nguyen spoke with Wood several times

---

1. Nguyen also contends that the trial court erred in failing to grant a directed verdict. On appeal, such a claim is treated as an attack on the legal sufficiency of the evidence. *See Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996) ("We treat a point of error complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence.").

regarding her claim. She provided Wood with a recorded statement. Nguyen discussed with Wood the items that she could include in her claim—for example, that equipment added could not be included unless she had matching receipts. Nguyen filed a "Proof of Claim" and "Facts of Occurrence." In these documents, Nguyen reports that her BMW was stolen on April 11, 2003, that she purchased the BMW on March 20, 2002, that the purchase price was $55,000, plus title, tax and license, and that she had a loan balance of $48,441.65. The Proof of Loss form asked for the actual cash value of the BMW. Nguyen reported that she was "not sure how to calculate" it. Wood testified that it is Farmer's Insurance's policy to review police reports in its investigation of its claim, and that Nguyen reported to the police that her BMW was worth about $65,000. Based on this evidence, together with the evidence of what actually happened to the BMW, a rational fact finder reasonably could find that Nguyen intended to submit a fraudulent insurance claim for payment in excess of $20,000.

We are not persuaded by Nguyen's contention that, as a matter of law, she was not claiming a loss because she put a dash through the space on the Proof of Loss form which requested the amount of the entire loss. First, Nguyen placed dashes in other spaces for which she did not know the specifics, such as the department or division of the police to which she had reported her loss. Second, Wood explained that the total amount of the claim would differ from the worth of the vehicle if the insured had luggage or other valuables in the car. Nguyen did not claim personal items in the BMW, making this space inapplicable to Nguyen's claim.

Neither are we persuaded by Nguyen's reliance on *Logan v. State*, 89 S.W.3d 619 (Tex.Crim.App.2002), for her contention that a defendant must provide a stated value of loss to her insurance company before she can be convicted of insurance fraud. In *Logan*, the defendant made a claim to her insurance company for damages sustained in a house fire—both to the house structure and to her personal belongings therein. *Id.* at 619–20. An investigation determined that the defendant had moved the personal belongings included in her insurance claim to another location before the fire. *Id.* at 621–22. The defendant thus fraudulently had included the worth of her personal belongings in her claim. The court determined that the evidence was not legally sufficient to convict the defendant for fraud as to the amount of her entire insurance claim, but it was sufficient to convict her for the fraudulent amount actually claimed—the amount the defendant stated as the value of her personal belongings. *Id.* at 624, 630. Here, the evidence supports the conclusion that Nguyen's entire claim was fraudulent, not a portion of it. *Logan* therefore does not support Nguyen's contention that the evidence is legally insufficient to support her conviction.

## Factual Sufficiency

Nguyen further contends that the evidence is factually insufficient to support a conviction for insurance fraud because the evidence is insufficient to establish the essential element of intent. Nguyen specifically contends that she did not claim a dollar amount on her Proof of Loss, and therefore the State failed to carry its burden to prove that Nguyen filed her claim "with intent to defraud or deceive an insurer."

In our review of the factual sufficiency of the evidence, we view all of the evidence neutrally, not in the light most favorable to the verdict, and we set aside the verdict "only if the evidence is so weak

that the verdict is clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met." *Escamilla v. State,* 143 S.W.3d 814, 817 (Tex.Crim.App.2004); *see also Johnson v. State,* 23 S.W.3d 1, 6–7 (Tex.Crim. App.2000). Although our analysis considers all the evidence presented at trial, the trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). In conducting a factual sufficiency review, we discuss the evidence that Nguyen contends most undermines the jury's verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). Unless the available record reveals that a different result is appropriate, we defer to the jury's determination concerning the weight to place upon conflicting testimony, because resolution of facts often turns on evaluation of credibility and demeanor. *Johnson,* 23 S.W.3d at 8.

Here, Nguyen repeats that insufficient evidence exists that she made a claim for any dollar amount. She relies on testimony from one of the police officers that Nguyen does not claim an amount for payment or reimbursement. She also relies on the dash being placed through the space on the Proof of Loss form which requested the amount of the entire loss.

The evidence presented against Nguyen in connection with the amount of her claim includes the Proof of Loss, her recorded statement to Wood, and Wood's testimony concerning her conversations with Nguyen. The evidence indicates that Nguyen submitted a claim to Farmer's Insurance and that the claim was for the value of the one-year-old BMW in "excellent" condition. Although Nguyen declared that she did not know how to determine this value, there was evidence that she thought it to be between $65,000 (the worth she reported to the police) and $48,441.65 (the amount she reported as the pay-off).

Reviewing the evidence submitted in a neutral light, we conclude that a rational fact finder could have concluded beyond a reasonable doubt that Nguyen intended to defraud Farmer's Insurance by submitting a claim. *See Escamilla,* 143 S.W.3d at 817. The evidence supporting the verdict is not so weak that the jury's finding is clearly wrong and manifestly unjust; nor is Nguyen's contrary evidence so strong that the State's burden to prove the charged offense beyond a reasonable doubt could not have been met. *See id.* We therefore conclude that the evidence is factually sufficient to support Nguyen's conviction for insurance fraud.

## Extraneous Offense

■ Nguyen contends that the trial court erred in admitting evidence of an extraneous offense, because evidence of her vehicle's connection to a homicide in Galveston is inadmissible under Texas Rule of Evidence 404(b) and the balancing test of Texas Rule of Evidence 403.

■ We review the trial court's determination of admissibility under an abuse of discretion standard. *Montgomery v. State,* 810 S.W.2d 372, 378–79 (Tex.Crim. App.1990). Rule of Evidence 404(b) prohibits the use of evidence of a defendant's other bad acts or wrongs to prove the character of the defendant "in order to show action in conformity therewith." Tex.R. Evid. 404(b). Such evidence of extraneous offenses may be admitted for other purposes, however, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See id.* It may also be admitted as contextual evidence. "[I]t has long been the rule in this State that the jury is entitled to know all the relevant

surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." *Moreno v. State,* 721 S.W.2d 295, 301 (Tex.Crim.App.1986).

■ Here, the State contends that Rule 404(b) does not apply because, although the evidence indicates that Nguyen's BMW was involved in a separate unsolved homicide, the State presented no evidence that Nguyen is the one who committed the homicide. To constitute an extraneous offense, the evidence must show a crime or bad act and the defendant's connection to it. *Lockhart v. State,* 847 S.W.2d 568, 573 (Tex.Crim.App.1992). Evidence of an extraneous offense necessarily involves evidence of prior criminal conduct by the defendant. "If the evidence fails to show that an offense was committed or that the accused was connected to the offense, then evidence of an extraneous offense is not established." *McKay v. State,* 707 S.W.2d 23, 32 (Tex.Crim.App. 1985).

Although the State did not argue that Nguyen committed the homicide, it implied that she somehow was involved. Specifically, the State argued to the court that the BMW's link to the homicide was a motive for Nguyen to commit insurance fraud—Nguyen needed to have the BMW destroyed because it was linked to the homicide, and after it was destroyed, she wanted to be reimbursed for it. The State solicited testimony from one of the police officers that the BMW was reported stolen to cover up another crime: "It was my belief that the vehicle had been reported stolen by [Nguyen], and, in fact, wasn't a stolen vehicle at any time. Was, in fact, reported stolen to cover other crimes and to obtain financial gain." Thus, evidence that the car was destroyed because it was linked to a homicide suggests or implies Nguyen's commission of an extraneous offense. *See Holmes v. State,* 962 S.W.2d

663, 672–73 (Tex.App.-Waco 1998, pet. ref'd) (police officer's statement that his testimony was restricted by court, approaches "inappropriate testimony suggesting or implying an extraneous offense").

■ The mere fact that the evidence concerns an extraneous offense does not, however, make the evidence inadmissible. Here, the evidence of the BMW's connection to a homicide was not admitted to prove Nguyen's character. Rather, the State used it to explain one of Nguyen's motives for the insurance fraud. In her brief to this Court, Nguyen explains that "[a]ccording to the prosecution's theory of the case, Ms. Nguyen's motive for reporting her car stolen was because her car was involved in a homicide." Motive is an appropriate basis to admit extraneous offense evidence. *See* TEX.R. EVID. 404(b).

■ Moreover, the evidence is same transaction contextual evidence, which is an exception to Rule 404(b). *See Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App. 1993) ("Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others.' "). The purpose of admitting extraneous evidence as same transaction contextual evidence is to place the instant offense in context. *Swarb v. State,* 125 S.W.3d 672, 681 (Tex.App.-Houston [1st Dist.] 2003, pet. dism'd).

Here, the evidence of Nguyen's BMW's connection to a homicide explains the tip that led the police to find the car, discover the discrepancy in dates, and suspect insurance fraud. The evidence that Pedraza

delivered the BMW to the Murrays' property two days before it allegedly was stolen, and reported that Nguyen told him to destroy the BMW to cover up evidence of another crime, was helpful to the jury's understanding of Nguyen's false statements to Farmer's Insurance that the BMW was stolen—the two offenses of insurance fraud and the underlying crime are intertwined. We thus hold that the homicide evidence is admissible as an exception under Rule 404(b). *See Mayes v. State,* 816 S.W.2d 79, 86–87 (Tex.Crim. App.1991).

In addition to satisfying the requirements of Rule 404(b), extraneous evidence must also satisfy the balancing test of Rule 403. Tex.R. Evid. 403; *see also Swarb,* 125 S.W.3d at 681. In our review, we defer to the trial court's determination that the probative value of the extraneous offense evidence outweighs its prejudicial effect. *Swarb,* 125 S.W.3d at 683. We also note that "[g]enerally, although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction." *Id.* at 681.

Here, the probative value is compelling, as the evidence relates to Nguyen's motive for claiming the vehicle to be stolen in submitting her insurance claim, proof of one of the elements of insurance fraud. The State introduced limited details surrounding the homicide: testimony that an anonymous caller reported that a car used in a homicide was being dismantled, testimony that the BMW was Nguyen's, and testimony that Nguyen told Pedraza to destroy the vehicle to destroy evidence of an underlying crime. This evidence was not discussed in the State's opening statement. When the reference to a potential homicide was mentioned during closing argument, the jury was instructed to disregard the statement. The evidence thus had only a slight potential for impressing the jury irrationally because the State presented no evidence that Nguyen committed the homicide. Consequently, we hold that the trial court did not abuse its discretion in admitting this extraneous offense evidence.

## Accomplice Witness Charge

Nguyen contends that the trial court erred in failing to grant her request for a jury instruction on accomplices. She contends that she was entitled to the instructions because Michael Pedraza, James Finely, Terrance Murray, and Traci Murray participated in the dismantling and secreting the BMW and therefore are criminally responsible accomplices.

A conviction cannot be based upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the committed offense. Tex.Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). An accomplice witness is one who participated with another before, during, or after the commission of a crime and "can be prosecuted for the same offense with which the accused is charged." *Ashford v. State,* 833 S.W.2d 660, 663 (Tex.App.-Houston [1st Dist.] 1992, no pet.). A prosecution witness who can be indicted for a lesser included offense based on his alleged participation in the commission of the defendant's charged crime is also an accomplice. *Herron v. State,* 86 S.W.3d 621, 631 (Tex.Crim.App. 2002). A witness is not an accomplice just because he knew of the crime and either failed to disclose it, or even concealed it. *Ashford,* 833 S.W.2d at 663.

 If the State's witness is an accomplice, the court is under a duty to instruct the jury on this accomplice rule. *Herron,* 86 S.W.3d at 631. If it is clear from the evidence that the State's witness is not an accomplice, then the trial court should not give any charge regarding an accomplice. *Ashford,* 833 S.W.2d at 664 (citing *Villarreal v. State,* 708 S.W.2d 845, 847 (Tex.Crim.App.1986)). If a conflict in evidence exists, the trial court should instruct the jury on the issue of whether the witness was an accomplice. *Id.* Corroboration of an accomplice's testimony is required only if the testimony is "adduced in open court by live witnesses under oath." *Bingham v. State,* 913 S.W.2d 208, 210–13 (Tex.Crim.App.1995). The accomplice statute does not apply to out-of-court statements. *Id.*

Here, only one of the individuals who Nguyen alleges to be an accomplice testified at trial—Traci Murray. Because the accomplice rule applies only to testimony adduced in open court by live witnesses, there is no basis for an accomplice jury instruction for Michael Pedraza, James Finely, or Terrance Murray. *See Bingham,* 913 S.W.2d at 210.

Nor is there any basis for concluding that Traci Murray was an accomplice witness. Nguyen was charged with insurance fraud. Traci Murray was not charged with insurance fraud or with any lesser included offense. At trial, Murray testified that until the BMW was brought to her property, she did not know that criminal activity was occurring—before then, she merely thought that someone needed to store a vehicle. The defense offered no evidence that Murray was aware that Nguyen had made, or intended to make, an insurance claim for the BMW. No evidence at trial suggested that Murray participated in or benefited from the insurance claim. Rather, Murray's connection to the crime is only that she became aware that people were destroying a vehicle on her property. Absent additional evidence, her knowledge of the destruction of the vehicle and her failure to disclose this event does not make her an accomplice to insurance fraud. *See id.* We therefore hold that the trial court did not err in failing to instruct the jury on the accomplice witness rule.

### Hearsay Statements

 Lastly, Nguyen contends the trial court erred in admitting Michael Pedraza's hearsay statements made to police officers and other witnesses.[2] Nguyen contends that "every witness who testified for the State, with the exception of Ms. Allison Wood, testified to what a non-testifying witness, Mike Pedraza, allegedly stated...." Nguyen raises this argument in a single sentence and fails to provide any citation to a record of more than 350 pages. Without record citations, we cannot determine whether hearsay was admitted over proper objection or whether any exception for the hearsay statements applies. We hold that Nguyen has waived her hearsay argument. *See* Tex.R.App. P. 38.1(h).

### Conclusion

We conclude (1) the evidence is legally and factually sufficient to support Nguyen's conviction for insurance fraud; (2) the trial court did not err in admitting evidence of an extraneous homicide; (3) the trial court did not err in failing to

---

2. Without citation to the record, Nguyen contends that the admission of such testimony violates her constitutional right to confront and cross-examine witnesses. Nguyen waived this argument because she failed to raise it at trial. *See Oveal v. State,* 164 S.W.3d 735, 739 n. 2 (Tex.App.-Houston [14th Cir.] 2005, no pet.) (by failing to object to hearsay on Confrontation Clause grounds, appellant failed to preserve the issue for review).

instruct the jury on Nguyen's accomplice theory; and (4) Nguyen waived her contentions concerning the admissibility of hearsay evidence of Michael Pedraza. We therefore affirm the judgment of the trial court.