NO.
12-06-00212-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

FRANK
LEON FARMACKA,         §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
was charged with aggravated sexual assault of a child and pleaded “guilty.”  The matter proceeded to a bench trial on
punishment.  Ultimately, the trial court
sentenced Appellant to imprisonment for thirty-five years.  This appeal followed.  In two issues, Appellant argues that the
trial court erred in failing to consider the entire range of punishment and
that his sentence constitutes cruel and unusual punishment.  We affirm.

            An
appellant’s brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.  See Tex.
R. App. P. 38.1(h).  Failure to
cite to the record in support of an issue provides an appellate court with
nothing to review.  See Derrick v.
State, 773 S.W.2d 271, 274 (Tex. Crim. App. 1989); Nguyen v.
State, 177 S.W.3d 659, 669 (Tex. App.–Houston [1st Dist.] 2005, pet.
ref’d).








            In
the case at hand, Appellant wholly failed to make reference to the record to
support any factual assertion in his brief. 
Therefore, we hold that by his failure to comply with Rule 38.1(h),
Appellant has waived his issues on appeal. 
Appellant’s first and second issues are overruled.[1]

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered March 7, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Even had Appellant not waived his issues by his failure to comply with
Rule 38.1(h), the outcome of this appeal would not differ.  Our review of the record indicates that
Appellant made no objection to the trial court raising the issue of cruel and
unusual punishment and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the
Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); see also Tex. R.
App. P. 33.1.  Furthermore, there
is no indication in the record that the trial court failed to consider the full
range of punishment, nor did Appellant make any objection to the trial court
concerning his contention that it failed to do so.  See Tex.
R. App. P. 33.1.