Affirmed and Memorandum Opinion filed May 19, 2009








Affirmed and Memorandum Opinion filed May 19, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00783-CR

NO. 14-08-00784-CR

____________

 

JAVIER FRANCISCO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause Nos. 1143121
& 1143122

 



 

M E M O R A N D U M   O P I N I O N

Javier Francisco was convicted of burglary of a habitation
with intent to commit aggravated assault and aggravated kidnapping and
sentenced to twenty-five years in prison on the burglary charge and twenty
years on the aggravated-kidnapping charge.  Francisco challenges his
convictions asserting that the trial court erred in admitting evidence of
extraneous offenses and victim-impact evidence.  We affirm.








Background

On November 25, 2007, Javier Francisco had been drinking at
his home when he and his pregnant wife, Hilda Rodriguez, began arguing.  The
argument escalated and Francisco hit her in the face and kicked her in the
abdomen.  He then called Hilda=s sister, Liliana, and told her to come
get Hilda because he wanted her out of the house.  Impatiently, he called
Liliana a second time and threatened to shoot her.

After Liliana arrived to pick up Hilda, Francisco grabbed
his wife again.  At this point Hilda and Liliana=s father, who was
also at the home, attempted to intervene.  Francisco, who was armed with a
small black firearm, struck him with it, knocking him to the ground.  Francisco
then left in his car, and Hilda, Liliana, and their father drove to Liliana=s house.

When the three arrived at Liliana=s home, they found
the door open and her young children inside alone.  The children explained that
Francisco had forced their father and Liliana=s husband,
Augustin Mendoza, to leave with him at gunpoint.  The sisters called the
police, but Francisco returned with Mendoza before they arrived.  When Liliana
would not allow him in, Francisco shattered the glass in the front door and
entered.  He kicked in the bedroom door where Hilda was hiding with the
children and dragged her by her hair down the stairs and out the front door. 
When Mendoza tried to intervene, Francisco hit him with the pistol.  As the two
men struggled on the ground, Liliana picked up a piece of metal pipe and struck
Francisco with it until he released Mendoza.  

Francisco left just before the police arrived, but was
later arrested.  Hilda moved into a battered women=s shelter and
later suffered a miscarriage.

Appellant was convicted of burglary of a habitation with
intent to commit aggravated assault, and aggravated kidnaping.  In two issues
he claims the trial court erred in admitting (1) evidence of extraneous
offenses at the guilt-innocence phase of trial and (2) victim-impact evidence
at the punishment phase.








Extraneous Offense

In his first issue, Francisco argues the trial court erred
in admitting evidence of extraneous offenses.  Francisco was indicted for
burglary of a habitation owned by Mendoza with the intent to commit aggravated
assault, and kidnapping Mendoza with the intent to prevent his liberation by
threatening him with a firearm.  Francisco asserts that the assaults on Hilda
and her father at Francisco=s home were inadmissible extraneous
offenses.

Before trial, Francisco=s attorney
objected as follows:

I=m B I guess I wanted to get a motion in limine not to
go into certain things.  I guess I=m objecting to relevance or I could object in front of the
jury.  I believe the State intends to bring testimony that my client attacked
his wife, his father-in-law in his residence.  He=s not charged with those crimes or possible crimes
in this case.  

* * * * *

I believe the State wants to bring
in the earlier incident and I=m objecting to that for relevance I think
it=s completely
separate.

The trial court determined that the incidents at Francisco=s house were Anear enough in
time,@ and part of the Asame ongoing
circumstance@ of the charged offenses and permitted the testimony. 
Francisco did not object to Hilda and Liliana=s testimony of
those incidents at trial.








The State initially contends that Francisco failed to
preserve error because he pursued his objection to the evidence only in a
motion in limine and failed to timely object at the time the evidence was
introduced. A
trial judge=s grant or denial of a motion in limine is a
preliminary ruling only and normally preserves nothing for appellate review.  Geuder
v. State, 115 S.W.3d 11, 14B15 (Tex. Crim. App. 2003).  The purpose of
a motion in limine is to require counsel to approach the bench and obtain
permission from the trial court before presenting certain matters in the
presence of the jury.  It is, in practice, a method of raising objection to an
area of inquiry before the matter reaches the eyes and ears of the jury through
a posed question, jury argument, or other means.  As such, it is wider in scope
than the sustaining of an objection made after the objectionable matter has
been expressed.  It is also, however, by its nature subject to reconsideration
by the court throughout the course of the trial.  This is because it may not be
enforced to exclude properly admissible evidence.  Id. at 15 (quoting
Norman v. State, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975)). 

Francisco argues that although he titled his request a
motion in limine, it was actually an evidentiary ruling obtained outside the
presence of the jury, as occurred in Geuder v. State.  In Geuder,
the appellant=s request was made after the State had rested,
immediately before the appellant testified.  In his request, Geuder sought a
definitive final ruling on a timely and specific motion to exclude evidence. 
In this case, however, Francisco=s request was not
a timely and specific motion, but a true motion in limine.  Francisco sought to
prevent particular matters from coming before the jury.  He did not advert to
particular testimony of individual witnesses, but referred to the testimony of
Hilda and Liliana generally.  On appeal, Francisco points to specific portions
of testimony, but he did not permit the trial court an opportunity to determine
whether that testimony was admissible at the time it was introduced. 
Therefore, error was not preserved.  

Even if Francisco preserved error, the evidence was
admissible to show the circumstances surrounding the offense.  We review a
trial court=s evidentiary decisions for an abuse of discretion.  Rodriguez
v. State, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006).  Under this standard,
we are required to uphold the ruling when it is within the zone of reasonable
disagreement.  Id at 15.  








Rule of Evidence 404(b) prohibits the use of evidence of a
defendant=s other bad acts or wrongs to prove the character of
the defendant Ain order to show action in conformity therewith.@  Tex. R. Evid. 404(b).  Nevertheless, evidence of extraneous offenses may
be admitted for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.  Id. 
Moreover, evidence of extraneous offenses may be admitted if they occurred
during the same transaction as the charged offense.  Nguyen v. State,
177 S.W.3d 659, 666B67 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).  A[I]t has long been
the rule in this State that the jury is entitled to know all the relevant
surrounding facts and circumstances of the charged offense; an offense is not
tried in a vacuum.@  Moreno v. State, 721 S.W.2d 295,
301 (Tex. Crim. App. 1986).

Francisco was charged with burglarizing Mendoza=s home with the
intent to commit aggravated assault, and kidnapping Mendoza.  Evidence that
Francisco assaulted Hilda and her father fifteen minutes before he broke into
Mendoza=s home, kidnapped
Mendoza, and assaulted Hilda provided the jury with the context of the charged
offenses.  Because the assaults on Hilda and her father were part of the same
criminal transaction as the burglary and kidnapping, the evidence was properly
admitted as same transaction contextual evidence.  See Nelson v. State,
864 S.W.2d 496, 498 (Tex. Crim. App. 1993) (holding that same-transaction
contextual evidence is admissible where several crimes are intermixed, blended,
or connected with one another, so that they form an indivisible criminal
transaction, and full proof by testimony of any one of them cannot be given
without showing the others).  We overrule Francisco=s first issue.

Victim Impact

In his second issue, Francisco argues that the trial court
erred in admitting victim-impact evidence during the punishment phase of
trial.  Before the guilt-innocence phase of trial, Francisco objected to the
prosecutor=s introduction of Hilda=s miscarriage
during the guilt-innocence phase.  The trial court granted Francisco=s motion in limine
for purposes of the guilt-innocence phase and agreed to reconsider the
relevance of Hilda=s miscarriage before the punishment
phase.  








Before hearing testimony in the punishment phase, Francisco=s attorney stated
he anticipated the State would introduce evidence that Hilda=s miscarriage was
a result of Francisco=s assault.  The trial court requested a
proffer of evidence, which showed that Hilda suffered a miscarriage seventeen
days after the assault, on December 12, 2007, while she was living in a
battered women=s shelter.  Francisco=s attorney
objected to any evidence that linked the assault with the miscarriage.  The
trial court permitted testimony that Hilda was living in a battered women=s shelter as
victim-impact evidence.  The court specifically prohibited the State from
arguing that Francisco=s assault caused Hilda=s miscarriage. 
The trial court stated, AI=m letting it in
only for the limited purpose of the impact on her that she loses a baby while
in a shelter, not that he caused the miscarriage but his actions caused her to
be in a shelter when that horrible event happened.@

On appeal, Francisco contends that Hilda=s testimony was
inadmissible because evidence of the impact to victims not named in the
indictment creates the risk of extreme prejudice and can lead to an unfair
punishment hearing.  See Cantu v. State, 939 S.W.2d 627, 637 (Tex. Crim.
App. 1997) (evidence of impact to victim not named in the indictment is not
permissible under the eighth amendment).  But an objection stating one legal
basis may not be used to support a different legal theory on appeal.  Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  To preserve error, a
defendant=s trial objection must comport with the issue raised
on appeal.  Banda v. State, 890 S.W.2d 42, 62 (Tex. Crim. App. 1994). 

At trial, Francisco objected on the grounds that the State
cannot prove that his actions caused Hilda=s miscarriage, and
the trial court sustained the objection.  On appeal, Francisco raises a
different issueCwhether victim-impact evidence concerning
an individual not named in the indictment is admissible.  The trial court was
not given an opportunity to rule on that objection; therefore, Francisco did
not preserve error.  Because his issue on appeal does not comport with his
trial objection, we overrule issue two.

The judgments of the trial court are affirmed.

 

/s/      Jeffrey V. Brown

Justice

Panel consists of
Justices Seymore, Brown, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).