**Affirmed and Opinion Filed May 28, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00373-CR

### CHARLES WILLIAM DOSS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F12-58147-Y**

## OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice FitzGerald

A jury convicted appellant of continuous sexual abuse of a child under fourteen years of age and sentenced him to life imprisonment. In four issues on appeal, appellant asserts the trial court erred in admitting extraneous offense evidence and there is insufficient evidence to support the trial court's assessment of costs. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## BACKGROUND

Appellant is the brother of HJ's grandmother. When she was a little girl, HJ visited appellant in Tennessee along with her twin cousins, N and T, her grandmother, and her aunt. HJ, N, and T stayed in the guesthouse, and the adults stayed in the big house. At night, when HJ and her cousins were in bed, appellant would come to the guesthouse and "touch on" them. HJ said

that appellant would take her pajamas off and touch her private part with his private part. He would also touch her "boobs" with his hands and his mouth. This all occurred while her cousins were in the same room. HJ also saw appellant put his hands on her cousins' private parts. HJ testified that appellant would also make her kiss her cousin N and touch N on her private part while appellant touched T. HJ stated that this happened on more than ten occasions. HJ was fourteen at the time she testified, and stated that she was eight or nine years old when the events in Tennessee occurred.

Appellant subsequently moved to Dallas and began living with HJ and her family. HJ recalled that when she was watching television in the bedroom, appellant would come in, remove her clothes, and touch her private part with his private part and hands. Appellant would tell HJ not to tell anyone, and "it's going to be o.k." On one occasion, appellant told HJ he would kill her if she told anyone. HJ also recalled that when she was eleven years old, she awakened one night with no clothes on and appellant on top of her. Her pajamas had been on when she went to bed. The sexual abuse stopped when HJ was eleven years old. HJ knew she was eleven because that is when appellant moved out.

When HJ was thirteen years old, she told her sister that appellant had raped her, but did not provide any details. HJ's sister told HJ's parents, and the police got involved. HJ provided the details of appellant's sexual abuse to the Children's Advocacy Center.

## ANALYSIS

### *Admission of Extraneous Evidence*

In his first issue, appellant asserts the trial court erred in admitting extraneous offense evidence; specifically, testimony concerning the sexual abuse of HJ's cousins, N and J.

We review a trial court's decision to admit or exclude extraneous offense evidence for an abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We will affirm

a trial court's ruling that an extraneous offense has relevance apart from proving conformity with the defendant's character if the ruling is within the zone of reasonable disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). Likewise, we give deference to a trial court's determination that the probative value of the evidence is not outweighed by the danger of unfair prejudice. *Id.*

A defendant may not be tried for a collateral crime or for being a criminal generally, and Rule 404(b) prohibits the admission of extraneous offenses to prove a defendant's character or to show that the defendant acted in conformity with that character. TEX. R. EVID. 404(b). But extraneous offenses may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." TEX. R. EVID. 404(b).

Extraneous offense evidence may also be admissible for purposes other than those expressly listed in Rule 404(b). Such evidence may be admissible as same transaction contextual evidence, which has been defined as evidence of other offenses connected with the offense charged. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Same transaction contextual evidence may be admissible where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony . . . of any one of them cannot be given without showing the others." *Rogers*, 853 S.W.2d at 33. "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). As such, the facts and circumstances surrounding the commission of an offense are relevant and necessary for the jury to have a complete picture of what occurred. *See Burks v. State*, 876 S.W.2d 877, 900 (Tex. Crim. App. 1994).

Prior to impaneling the jury, the court conducted a hearing on the admissibility of N's and T's testimony. HJ testified about appellant's simultaneous abuse of HJ and her cousins and herself while in Tennessee. Defense counsel argued that the cousins' testimony was not admissible because it described extraneous offenses and because it was capable of being separated from the testimony of HJ. The State responded that the facts are inextricably interwoven and the testimony all involved one incident that cannot be separated. The court ruled that the testimony of N and T was transaction contextual evidence. In the alternative, the trial judge also stated, "if the Court is incorrect . . . the Court finds that the evidence is admissible under Rule 404(b) as evidence of plan or intent or both." Finally, the court found that the testimony is more probative than prejudicial. Both N and T were permitted to testify.

T was thirteen years old at the time she testified. She was seven or eight years old when she accompanied her twin sister, HJ, her mother and grandmother to visit appellant in Tennessee. T stayed in the same room as HJ and her twin sister N, and the three of them shared a bed. T stated that when the three cousins were in bed at night, appellant came in and asked N to sit on his lap. When she did so, appellant touched N's private part with his hands. He also touched T's private part with his hands, and touched her chest with his mouth and hands, While this occurred, appellant was telling HJ and N "to do stuff to him." This happened on approximately three different occasions.

T testified that she saw appellant touch HJ's private part and use his mouth on HJ's chest. HJ was sitting on the bed at the time. T and N were sitting on the same bed. T didn't tell anyone right away because she was afraid. Then, the cousins discussed it and decided not to tell anyone because appellant told them he would "go to jail for a long time and be put away for life."

N also testified about the trip to Tennessee. She explained that appellant is her great uncle. Appellant would come into the room where the girls were staying and touch them.

Appellant touched N on her chest and her private part. Appellant would give the girls instructions, and would tell N to touch T and HJ, and then he would touch himself on his private part. When she was shown a picture of the female anatomy, N circled the parts of HJ's body she saw appellant touch, and described these areas as HJ's chest and her private part. N further stated that she saw this happen while they were in Tennessee, but that it also happened in Dallas when they all stayed in the same house.

The trial court did not err in concluding the testimony of N and T was contextual and therefore admissible. The molestation of HJ and her cousins was contemporaneous. Consequently, the sexual assault on T and N was so closely related, intertwined, and intermingled with the sexual assault of HJ that any attempt to separate the assaults would prove arbitrary and unrealistic. The jury's understanding would have been obscured without the testimony concerning these simultaneous acts; they were entitled to a comprehensive narrative of the facts to allow them to reach and return a just and informed verdict.

In addition to the requirements of Rule 404(b), extraneous offense evidence must also satisfy the balancing test of Rule 403. *See Nguyen v. State*, 177 S.W.3d 659, 667 (Tex. App. — Houston [1st Dist.] 2005, no pet.). Under Texas Rule of Evidence 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. A Rule 403 analysis by the trial court should include, but is not limited to, the following considerations: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). Although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders

such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd).

Appellant asserts the extraneous offense testimony was more prejudicial than probative. We disagree.

We have already concluded that the extraneous evidence was contextual and necessary for a complete understanding of the offense. In addition, appellant elected to testify, and claimed HJ's allegations were untrue. Therefore, HJ's credibility was at issue. The challenged testimony corroborated HJ's assertions and facilitated the jury's assessment of HJ's credibility. Moreover, HJ could not fully testify to the sexual assault against her without mentioning that her cousins were in the same room in the same bed. Although all three children testified, the record does not reflect that the State required an inordinate amount of time to develop the evidence. And finally, any prejudice suffered by appellant by the introduction of the evidence does not rise to the level of substantially outweighing the evidence's probative value in providing context for the charged offense. Under these circumstances, we conclude the trial court did not abuse its discretion in admitting the evidence. Appellant's first and third issues are overruled.[1]

### Costs

In his final issue, appellant contends the evidence is insufficient to support the trial court's assessment of court costs because the record does not contain a copy of the bill of costs. After appellant filed his brief, we ordered the District Clerk's office to file a supplemental bill of costs and the clerk complied.

---

[1] Our resolution of these issues obviates the need to consider appellant's second issue. *See* TEX. R. APP. P. 47.1.

The record before us now contains a bill of costs. Appellant's complaints have been addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 392–94 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). Appellant's objection to the supplemental clerk's record and his fourth issue on appeal are overruled.

Do Not Publish
TEX. R. APP. P. 47
130373F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES WILLIAM DOSS, Appellant

No. 05-13-00373-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F12-58147-Y.
Opinion delivered by Justice FitzGerald.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 28, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE