Kenneth Bruce PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00305–CR.

Court of Appeals of Texas,
El Paso.

Aug. 29, 1995.

Discretionary Review Refused Nov. 8, 1995.

Kirk J. Oncken, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Houston, for the State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### SUPPLEMENTAL OPINION

McCLURE, Justice.

Appellant has filed a petition for discretionary review in which he asserts that this Court erred in holding that it could not take judicial notice of two scientific studies in evaluating Appellant's claim of the State's use of perjured testimony by Dr. Robert McLaughlin. He argues that the petition should be granted because our opinion decides an important question of state law in conflict with an applicable decision of the Court of Criminal Appeals, namely, *Emerson v. State*, 880 S.W.2d 759 (Tex.Crim.App. 1994). *See* Tex.R.App.P. 200(c)(3). Pursuant to Tex.R.App.P. 101, we write to set forth several matters not apparent in our original opinion, but which are of importance to a resolution of Appellant's contention.

Implicit in Appellant's ground for relief and his supporting argument are the notions that Appellant asked this Court to take judicial notice of the two studies attached to his supplemental brief prior to original submission of this cause, and that we expressly held that we could not do so. Both assertions are incorrect. Appellant *did not*, in his supplemental brief or at any time prior to submission, ask this Court to take judicial

453

notice of the studies.[1] We do not construe the mere attachment of exhibits to a brief as a request to take judicial notice of the materials. While a court has discretion to take judicial notice of legislative facts, it is not required to do so in the absence of a request. *See Emerson*, 880 S.W.2d at 764–65; TEX. R.CRIM.EVID. 201(d). It was not until Appellant filed his motion for rehearing that he made such a request. Therefore, since we had not been asked to take judicial notice of the materials prior to submission, our original opinion should not be interpreted as holding that we could not do so. Likewise, the overruling of Appellant's motion for rehearing without written opinion should not be read as a denial of Appellant's request to take judicial notice of the studies. *See Rochelle v. State*, 791 S.W.2d 121, 124–25 (Tex. Crim.App.1990). This Court has discretion whether to consider new matters raised in a supplemental brief or a motion for rehearing. *Rochelle*, 791 S.W.2d at 124–25; *Montes v. State*, 876 S.W.2d 538, 541 (Tex.App.—El Paso 1994, no pet.). While due process concerns or the interest of justice may compel the consideration of a new matter raised for the first time on motion for rehearing, we did not find such circumstances to exist here. *See Rochelle*, 791 S.W.2d at 124–25 (court declined to consider State's argument raised for first time in motion for rehearing that defendant waived indictment defect by failure to move to quash, where statutory provision upon which State based argument became effective over one year prior to filing of State's brief on original submission in court of appeals). Accordingly, this Court exercised its discretion to not consider Appellant's belated request to take judicial notice of the exhibits attached to his supplemental brief.

For the reasons stated herein, we decline to reconsider or modify our original opinion. *See* TEX.R.APP.P. 101.

---

1. Appellant filed his original brief on March 30, 1994. The State filed its brief on August 3, 1994. After the cause was set for submission, Appellant filed on October 4, 1994, a motion for leave to file a supplemental brief raising new points of error. Despite the State's opposition, this Court granted the motion and filed Appellant's supplemental brief on October 19, 1994. The case was submitted on February 1, 1995.