MONTOYA V. STATE



NO. 07-02-0247-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 25, 2002



______________________________




ALBERT DUANE MONTOYA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,981-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

ON MOTION FOR REHEARING


 Appellant Albert Duane Montoya has filed a motion for rehearing of our prior opinion 
overruling his motion for extension of time to file his notice of appeal and dismissing the
appeal for want of jurisdiction. We did so because, although appellant is required to
reasonably explain his need for an extension of time (1) by a plausible statement indicating
that his failure to comply with the deadline was not deliberate or intentional, he merely
stated that he was attending CLE courses and on vacation. We found his explanation did
not provide sufficient information from which we could determine whether he deliberately
chose to file the notice of appeal late after his CLE courses and vacation had been
completed. For the reasons set forth, we grant appellant's motion for rehearing, set aside
our dismissal for want of jurisdiction, reinstate the case, and grant the motion for extension
of time. 

 In his motion for rehearing, appellant provides additional information from which he
seeks that we make a determination that his delay was not intentional or deliberate. 
Counsel for appellant explains that he was appointed by the court to represent appellant
in his appeal on April 16, 2002. From April 17, 2002, through April 30, 2002, he asserts
that he was at his dentist's office on an almost daily basis undergoing the extraction of 25
teeth, including impacted teeth, the removal of supporting bone mass, and treatment for
resulting complications. He refers to this as "vacation" time. In spite of these dental
treatments, he alleges that he discussed the merits of the appeal with the trial attorney and
appellant. Nevertheless, he states that additional investigation was necessary to
determine whether a motion for new trial should be filed. 

 On April 30, 2002, he traveled to Austin, Texas, to attend the Criminal Appeals
Conference, which continued through May 3, 2002. The arrangements for this travel had
been made prior to April 16. He also had plans prior to that date to attend a marriage
dissolution seminar in Austin on May 9 and 10. Thus, he alleges, he was traveling or
attending seminars from April 30 through May 12. On May 15, 2002, he had to attend
previously scheduled depositions. 

 The decision not to file a motion for new trial was made while counsel, who is a solo
practitioner, was out of town without access to reference or research material. He
assumed that, since a request for findings of fact and conclusions of law had been filed,
that filing would extend the time for filing the notice of appeal as in civil cases. His mistake
was not discovered until May 31, at which time the notice of appeal was filed with a request
for extension of time. Counsel has executed a verification of the facts contained in the
motion for rehearing, and has also attached a certified copy of his request for findings of
fact and conclusions of law. 

 Although appellant did not provide any of this information in his original request for
extension of time, it is within the discretion of the appellate court whether to consider new
matters raised in a motion for rehearing. Perkins v. State, 905 S.W.2d 452, 453 (Tex.App.
--El Paso1995, pet. ref'd). The facts and circumstances relayed by appellant show that the
failure to timely file his notice of appeal was not the result of deliberate or intentional
conduct, but the result of inadvertence, mistake or mischance. See Garcia v. Kastner
Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). We believe the interests of justice will be
served in this instance by consideration of the facts set forth in appellant's motion for
rehearing, and we will exercise our jurisdiction to consider those matters. Finding that
appellant has provided a reasonable explanation for his failure to timely file his notice of
appeal, we hereby grant appellant's motion for rehearing, set aside our dismissal, reinstate
the case, and grant the motion for extension of time to file his notice of appeal to May 31,
2002, the date received. The clerk's and reporter's records are due 30 days from the date
of this opinion. 


 John T. Boyd

 Chief Justice


Do not publish.

 
1. See Texas Rules of Appellate Procedure 26.3 and 10.5(b).