Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
GILBERT SALCIDO,                                      )                  No. 08-04-00346-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  County Court at Law No. 1
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20040C07954)

O P I N I O N

            Gilbert Salcido appeals his conviction of driving while intoxicated, second offense. A jury
found Appellant guilty and the court assessed his punishment at a fine of $1,000 and confinement
for 365 days. The court suspended the sentence and placed Appellant on community supervision for
two years. We affirm.
FACTUAL SUMMARY
            DPS Trooper Rolando Torres stopped a vehicle driven by Appellant for speeding. Torres
noticed a strong odor of alcohol on Appellant’s person and his eyes were bloodshot. Torres
characterized the odor as strong because he could smell it from a distance of about ten feet. 
Appellant’s speech was unusual in that he spoke low and “didn’t want to open his mouth, almost like
a ventriloquist.” Appellant admitted he had been at a tailgate-type party in the desert and had some
drinks. Torres then administered three field-sobriety tests and Appellant failed all three. Believing
Appellant was intoxicated, Torres arrested him for DWI. Appellant refused to take the intoxilyzer
test. 
            Appellant’s cousin, Monica Trujillo, testified during the guilt-innocence phase. She had been
at the party in the desert and she was in the vehicle when Torres stopped it for speeding. Trujillo had
only seen Appellant with one beer. She did not smell any alcohol on him and she did not think that
he was intoxicated. Otherwise, she would not have gotten in the car with him. His eyes were red
because he had been crying after fighting with his girlfriend. The jury rejected Appellant’s defense
and found him guilty of DWI. Evidence admitted during the punishment phase established that
Appellant had been convicted of DWI in June of 2002. 
PROSECUTORIAL MISCONDUCT
            In his sole point of error, Appellant complains of prosecutorial misconduct, alleging that the
prosecutor attempted to inform the jury of his prior DWI conviction during the guilt-innocence
phase. The State responds that Appellant has waived error.
            During direct examination, Torres testified that Appellant failed the field-sobriety tests. On
cross-examination, he testified that someone performing the tests for the first time “may have some
problem with it” and would not be able to perform the tests as well as someone who had done them
many times. Later, the prosecutor cross-examined Trujillo:
[Prosecutor]:You testified that you’re very familiar with [Appellant’s] habits?
 
[Trujillo]:Yes, sir.
 
Q:Have you known [Appellant] to have any problem with alcohol in the past?
 
A:No, sir.

 

Q:I’m going to remind you that you’re under oath. Are you aware of any
incidents or any situation in the past where [Appellant] has had problems
with alcohol?
 
A:Well, can I say something?
 
Q:Yes, you may. That’s what you’re here to do is talk to the jury.
 
A:When he became a truck driver we stopped seeing each other for a long time
so. . . 
 
Q:But are you aware of this gentleman ever having a problem with his alcohol
consumption?
 
A:No.
 
Q:And that’s -- you’re not aware of any --
 
A:If he has an alcohol problem in the past?
 
Q:Yes, ma’am, in the past.
 
A:No. Not that I know. Maybe he would drink. He would drink like once in
a while.
 
Q:Has that created problems for him in the past? Are you aware -- remember
you told the jury --
 
A:Yes.
 
Q:You swore to tell the truth. And you’re in here --
 
[The Court]:Counsel, come on up here, will you?

[Bench discussion, on the record.]
 
[The Court]:Are you trying to solicit the prior problem?
 
[Prosecutor]:I’m not.
 
[The Court]:You are.
 
[Prosecutor]:Okay.
 
[The Court]:I mean, if you do we might have a mistrial.

The prosecutor then abandoned this line of questioning.
            During final argument, defense counsel reminded the jury that Torres testified that a person
who hadn’t performed the field-sobriety tests before would probably not perform as well as someone
who had performed the tests many times. The prosecutor responded to this arguments:
Now, [defense counsel] suggests that one of the reasons this defendant was having
trouble with all this is that he’s never done it before. Where’s the evidence he’s
never done it before? Maybe he has, maybe he hasn’t -- 
The trial court interrupted the prosecutor’s argument, stating:
Wait a minute. Ladies and gentlemen, that’s improper argument. There’s no
evidence one way or the other. You’re outside of the record. 

            Claims of prosecutorial misconduct are determined on a case by case basis. Stahl v. State,
749 S.W.2d 826, 830 (Tex.Crim.App. 1988); Perkins v. State, 902 S.W.2d 88, 96 (Tex.App.--El
Paso 1995, no pet.), supplemented by, 905 S.W.2d 452 (Tex.App.--El Paso 1995, pet. ref’d). 
Prosecutorial misconduct has been found where (1) the prosecutor’s actions deliberately violated an
express court order; and (2) the prosecutor’s misconduct was so blatant as to border on being
contumacious. Stahl, 749 S.W.2d at 831; Perkins, 902 S.W.2d at 96. Prosecutorial misconduct may
also be shown where the prosecutor asks a question which is clearly calculated to inflame the minds
of the jury and is of such a character so as to suggest the impossibility of withdrawing the impression
produced. Huffman v. State, 746 S.W.2d 212, 218 (Tex.Crim.App. 1988); Perkins, 902 S.W.2d at
96.
            To preserve error involving prosecutorial misconduct, the defendant must (1) make a timely
and specific objection; (2) request an instruction that the jury disregard the matter improperly placed
before the jury; and (3) move for a mistrial. Cook v. State, 858 S.W.2d 467, 473 (Tex.Crim.App.
1993); Perkins, 902 S.W.2d at 96. Appellant did not object, request an instruction to disregard or
move for a mistrial. 
            Appellant acknowledges that he did not object, but contends that since the trial judge was
obviously aware of the error, an objection would have served no purpose. Making a timely and
specific objection is only the first step in preserving error. The court’s awareness of Appellant’s
specific complaint may arguably relieve him of the initial obligation to object, since the purpose of
the objection is draw the court’s attention to the error. But it does not relieve Appellant of his
burden to request an instruction to disregard and a mistrial.
            Appellant next contends that the prosecutor’s statements rose to the level of fundamental
error relieving him of the burden to object. In support of this argument, he directs us to Blue v.
State, 41 S.W.3d 129 (Tex.Crim.App. 2000)(plurality op.). There, a plurality of the court held that
“[t]he comments of the trial judge, which tainted appellant’s presumption of innocence in front of
the venire, were fundamental error of constitutional dimension and required no objection.” Blue,
41 S.W.3d at 132 (Johnson, J., joined by Mansfield, Price, and Holland, JJ.). The trial judge had
improperly informed the jury that the defendant received a plea offer, that he was contemplating a
guilty plea, and that the judge would prefer that he plead guilty. 
            We first note that a plurality opinion is not binding precedent. See Jasper v. State, 61 S.W.3d
413, 421 (Tex.Crim.App. 2001)(acknowledging Blue as a plurality opinion that the court was not
bound to follow); Rabago v. State, 75 S.W.3d 561, 562 (Tex.App.--San Antonio 2002, pet.
ref’d)(refusing to follow Blue because it is a plurality opinion). Even if Blue were binding, we would
find it inapplicable. The prosecutor’s statements here do not constitute fundamental error nor rise
to the egregious level of the judge’s comments in Blue. Though the court intervened to successfully
stop the line of argument, Appellant was required to request an instruction to disregard and a mistrial
if he believed the court’s actions were inadequate. Because he did not do so, he was waived any
error. We overrule the point sole point and affirm the judgment of the trial court. 


April 27, 2006                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)