NO. 07-06-0242-CR


 07-06-0243-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 15, 2006


 ______________________________



ALBERT V. JESSUP, (1) APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,244-A, 51,225-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION
 

 Appellant Albert V. Jessup, appearing pro se, appeals his felony convictions of
possession of child pornography. On April 17, 2006, the court signed orders deferring
adjudication and granting community supervision to appellant. On the same day, the trial
court's certifications indicated this "is a plea-bargain case, and the defendant has NO right
of appeal" and that the "defendant has waived the right of appeal." On May 16, 2006, the
trial court signed orders, nunc pro tunc, again deferring adjudication and granting
community supervision to appellant for the possession of child pornography convictions. 
On June 19, 2006, the trial court again entered its certifications that this "is a plea-bargain
case, and the defendant has NO right of appeal" and that "the defendant has waived the
right of appeal." 

 On June 15, 2006, appellant filed his notice of appeal in both cases. On August 21,
2006, appellant filed his brief. By letter dated August 21, 2006, this Court notified appellant
the "referenced appeals are subject to dismissal based on the certifications unless the
Court receives amended certifications providing that you have the right of appeal or you
demonstrate other grounds for continuing the appeals, on or before August 31, 2006" and
cited appellant to Rule 25.2 of the Texas Rules of Appellate Procedure.

 Appellant responded by filing a supplemental and amended notice of appeal, and
a motion requesting additional time to file an amended brief. Appellant's filed documents
indicate additional briefing is necessary "due to claims of ineffective assistance of counsel
that effected [sic] the voluntariness of defendant's plea made pursuant to a plea
agreement; and of jurisdictional matters in accordance with Tx. Code of Crim. Proc., Art.
1.15 . . . ." Neither of the documents filed addresses the trial court's certifications that
appellant has no right of appeal. TEX. R. APP. P. 25.2(a)(2), (d); see also Cooper v. State,
45 S.W.3d 77, 83 (Tex.Crim.App. 2001); Carender v. State, 155 S.W.3d 929, 931
(Tex.App.-Dallas 2005, no pet.) (Rule 25.2(b) does not permit plea-bargaining defendant
to appeal voluntariness of plea). Because the trial court's certifications affirmatively show
this is a plea bargain case and appellant waived his right of appeal and because the record
supports the trial court's certifications, we must dismiss this appeal. See Monreal v. State,
99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (valid waiver of appeal prevents defendant from
appealing without the trial court's consent); Stowe v. State, 124 S.W.3d 228, 234 (Tex.
App.-El Paso 2003, no pet.) ("[a] defendant in a noncapital case may waive any right
secured him by law, including his right to appeal").

 Accordingly, the appeals are dismissed. Appellant's motion for an extension of time
to file an amended brief is denied as moot. 


 James T. Campbell

 Justice



Do not publish. 

 
1. This Court will follow the spelling of appellant's name as it appears in the trial
court's records.



and conclusions of law. 

 Although appellant did not provide any of this information in his original request for
extension of time, it is within the discretion of the appellate court whether to consider new
matters raised in a motion for rehearing. Perkins v. State, 905 S.W.2d 452, 453 (Tex.App.
--El Paso1995, pet. ref'd). The facts and circumstances relayed by appellant show that the
failure to timely file his notice of appeal was not the result of deliberate or intentional
conduct, but the result of inadvertence, mistake or mischance. See Garcia v. Kastner
Farms, Inc., 774 S.W.2d 668, 670 (Tex. 1989). We believe the interests of justice will be
served in this instance by consideration of the facts set forth in appellant's motion for
rehearing, and we will exercise our jurisdiction to consider those matters. Finding that
appellant has provided a reasonable explanation for his failure to timely file his notice of
appeal, we hereby grant appellant's motion for rehearing, set aside our dismissal, reinstate
the case, and grant the motion for extension of time to file his notice of appeal to May 31,
2002, the date received. The clerk's and reporter's records are due 30 days from the date
of this opinion. 


 John T. Boyd

 Chief Justice


Do not publish.

 
1. See Texas Rules of Appellate Procedure 26.3 and 10.5(b).