PD-1405-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 11:13:31 PM
Accepted 12/1/2015 3:47:46 PM
ABEL ACOSTA
CLERK

NO. PD-1405-15

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

**ABEL LUNA**

**Petitioner,**

**vs.**

**THE STATE OF TEXAS**

---

Petition for Review of the
Eighth Court of Appeals
Judgment in No. 08-13-00151-CR
affirming conviction in Cause No. 20110D01174
from The 409TH District Court
El Paso County, Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Ave.
El Paso, Texas 79901
915 - 542 - 0388
915 - 225-5132 fax
rbnpmrls@gmail.com

SUBMITTED:   November 30, 2015

# PARTIES INVOLVED

<u>TRIAL COURT</u>: 409TH DISTRICT COURT
Honorable SAM MEDRANO, judge presiding
500 E. San Antonio Ave., Suite 459, El Paso, Texas 79901

ABEL LUNA,
Appellant/Petitioner

RUBEN P. MORALES
Appellate Counsel for Petitioner
718 Myrtle Avenue, El Paso, Texas 79901

MATTHEW DEKOATZ
Trial and Appellate Counsel for Appellant
P.O. BOX 1886
El Paso, Texas 79950

JAIME ESPARZA
District Attorney, El Paso County, Texas
Appellate and Trial Counsel for Appellee
500 E. San Antonio Ave., El Paso, Texas 79901

DOUGLAS K. FLETCHER
Assistant District Attorney
Appellate Counsel for Appellee
500 E. San Antonio Ave., Rm. 201
El Paso Texas 79901

ii

# TABLE OF CONTENTS

PARTIES INVOLVED…………………………………………………………………ii

INDEX OF AUTHORITIES....................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................v

STATEMENT OF THE CASE................................................................................vi

STATEMENT OF PROCEDURAL HISTORY.......................................................vi

GROUNDS FOR REVIEW ....................................................................................1

ARGUMENT

1. Whether the Eighth Court erred in determining that cumulative error cannot be established based on general objections which failed to mention a due process violation………………………………………………………………………..............….2

PRAYER FOR RELIEF .........................................................................................7

CERTIFICATE OF SERVICE ...............................................................................7

CERTIFICATE OF COMPLIANCE………………………………………………8

APPENDIX A Eighth Court Opinion.....................................................Attachment 1

# INDEX OF AUTHORITIES

## TEXAS CASES

*See Bautista v. State*, 363 S.W.3d 259, 262-63 (Tex. App. – San Antonio 2012) (*citing Jimenez v. State*, 298 S.W.3d 203, 214 (Tex. App.-San Antonio 2009)) ................................................................................................................. 5

*Johnson v. State*, 432 S.W.3d 552, 561-62 (Tex. App.-Texarkana 2014) ...............6

*Luna v. State,* No. 08-13-00151-CR, 2015 WL 4572276, at *8 (Tex. App. July 29, 2015) ……………………………………………………………………vi, 4

*Rogers v. State,* 725 S.W.2d 350, 359–60 (Tex. App.-Houston 1987) (citing *Henderson v. State*, 617 S.W.2d 697, 699-700 (Tex.Crim.App.1981)……………5

## CONSTITUTIONS AND STATUTES

TEX. R. APP. P. 66.3(b) ...........................................................................................4

TEX. R. APP. P. 66.3(c) ...........................................................................................4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not believe that oral argument is necessary.

## STATEMENT OF THE CASE

Petitioner was charged by indictment with theft of $1,500 or more but less than $20,000.00. R. 2-97-99. The jury found Appellant guilty. R. 6-47. Petitioner's punishment was assessed at 9 months of confinement in a State Jail and a fine of $7,500.00. R. 7-25-29

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant filed a timely Notice of Appeal on May 16, 2013. On July 29, 2015, the Eighth Court affirmed Appellant's conviction in an unpublished opinion. *Luna v. State,* 2015 WL 4572276 (Tex. App. – El Paso, July 29, 2015). A motion for rehearing was timely filed on September 14, 2015 and denied on September 30, 2015. This Court granted an extension of time in which to file a petition for discretionary review until November 30, 2015.

# GROUNDS FOR REVIEW

1.  Whether the Eighth Court erred in determining that cumulative error cannot be established based on general objections which failed to mention a due process violation.

# ARGUMENT GROUND 1

During Petitioner's trial, the State repeatedly referenced facts that were not in evidence and could not be inferred from the evidence presented. Specifically, the State alluded to accusations of theft by another employer, judgments of conviction that were not introduced at trial, prior placement on probation which was not proven, improper comments on Petitioner's 5th Amendment right of silence, Petitioner's lack of candor with defense counsel, and Petitioner's service of community supervision outside of El Paso County. All of these matters were objected to by Petitioner. Some of Petitioner's objections were sustained, others were followed by an instruction to disregard and denial of a mistrial and, still others were overruled. However, none of Petitioner's objections specifically mentioned due process. On appeal, Petitioner argued that the cumulative effect of the State's improper arguments and misconduct, denied him the right to due process and a fair trial. The Eighth Court erroneously held that there could be no cumulative error or harm because the complained of errors were either cured by prompt instructions to disregard or waived.

## *Relevant Facts*

At the guilt-not guilt stage of trial, the prosecutor requested permission to ask Petitioner about other alleged extraneous theft offenses. The trial court denied the request. In spite of the trial court's ruling, the prosecutor proceeded to ask Petitioner about other accusations of theft. Petitioner objected, the trial court admonished the prosecutor, instructed the jury to disregard and denied Petitioner's request for a mistrial. R. 5:110-113.

During closing arguments at guilt-not guilt, the prosecutor alluded to Bernie Madoff. Petitioner objected, an instruction to disregard was given and a request for mistrial was denied. R. 6:43-44. On appeal, the State and the Eighth Court agreed

that the reference was objectionable. However, the Eighth Court held that the trial court did not abuse its discretion in failing to grant a mistrial.

During closing arguments at the punishment phase of trial, the State referenced judgments of conviction that were not introduced by the State. Specifically, the prosecutor stated "Yeah, we – have judgments. We didn't bring them." R. 7:17. Petitioner objected, an instruction to disregard was given and, Petitioner's request for a mistrial was denied. R. 7:18. A short while later, the State argued that Petitioner had been convicted of DWI even though evidence of such conviction was not presented or testified to by any witness. R. 7:19. Petitioner's objection was not ruled upon. The State then argued that Petitioner would not be supervised locally but in Phoenix. R. 7:20. Petitioner objected as to the State arguing outside the record. R. 7:20. The objection was overruled. R. 7:20. A few pages later, the prosecutor argued that the defense attorney didn't know certain facts relevant to the case, implying that Petitioner was not honest with his lawyer. The trial court sustained Petitioner's objection but the prosecutor followed up the previous statement with the statement that "you can't even trust the client, the defendant, to be honest with his lawyer." R. 7:23. Immediately after that statement, the prosecutor argued that it was unlikely the defendant could pay restitution to the victims because "there's no evidence of how much money the defendant makes or

3

his capability of being able to pay them restitution." Petitioner's "improper comment on the fifth" objection was sustained. R. 7:23.

### *Opinion of the Court of Appeals*

In affirming Petitioner's conviction, the Eighth Court wrote: "The only "errors" we have identified were the isolated reference to Bernie Madoff in the guilt-innocence phase and the isolated reference to other "judgments" in the punishment phase, both of which we have determined were cured by prompt instructions to disregard. Having already determined Appellant either waived or failed to establish any error, there can be no cumulative error or harm." *Luna v. State,* No. 08-13-00151-CR, 2015 WL 4572276, at *8 (Tex. App. July 29, 2015)

### *Reasons for Review*

Review should be granted because the Eighth Court has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. TEX. R. APP. P. 66.3(b). Review should also be granted because the Eighth Court's decision conflicts with other court of appeals' decisions on the same issue. TEX. R. APP. P. 66.3(c).

Where there is serious and continuing prosecutorial misconduct that undermines the reliability of the fact finding process ... resulting in deprivation of fundamental fairness and due process of law, the defendant is entitled to a new trial

4

even though objections have not been perfected." *See Bautista v. State*, 363 S.W.3d 259, 262-63 (Tex. App. – San Antonio 2012) (*citing Jimenez v. State*, 298 S.W.3d 203, 214 (Tex. App.-San Antonio 2009)). In *Bautista,* many of the instances of misconduct alleged by the defendant were either not objected to or, the defense objections were only general objections that did not mention prosecutorial misconduct. Despite the lack of specific objections that mentioned either prosecutorial misconduct or a due process violation, the San Antonio Court of Appeals addressed the issue of a potential due process violation based on pervasive alleged misconduct by the prosecutor. In the end, the San Antonio Court held that although the prosecution may have stretched the limits of advocacy, its overall conduct did not rise to the level of a due process violation. However, it did address the issue. In this case, objections were made to most of the alleged instances of misconduct by the prosecutor. However, with respect to individual errors, the Eighth Court either found waiver because it focused on Petitioner's failure to object on the basis of prosecutorial misconduct, or, it did not address the specific objection in its opinion. Then, when the Eighth Court addressed Petitioner's overall issue of cumulative error, it summarily dismissed the argument by finding that Petitioner had waived the issue. The Eighth Court's opinion is contrary to *Bautista and Jimenez supra*. It is also contrary to *Rogers v. State,* where the First Court of Appeals in

5

Houston found proper preservation of error was not required where the prosecutor repeatedly made sidebar remarks and suggested inflammatory facts that lacked evidentiary support while cross-examining the defendant and his character witness. 725 S.W.2d 350, 359–60 (Tex. App.-Houston 1987) (citing Henderson v. State, 617 S.W.2d 697, 699-700 (Tex.Crim.App.1981). *But see Johnson v. State*, 432 S.W.3d 552, 561-62 (Tex. App.-Texarkana 2014) (finding no pervasive misconduct due to "improper gamesmanship" by misleading the jury as to the effect of enhancements where prosecutor explained such enhancements only during voir dire; error not preserved absent perfected objections).

*Conclusion*

This Court should grant review because the issue of pervasive misconduct by the prosecutor which results in a due process violation has not been squarely addressed by this Court. While the Supreme Court and this Court have found reversible due process violations in several cases where the misconduct by the prosecution was extreme, it remains unclear what a defendant must do, if anything, to preserve such an argument for appeal.

## **PRAYER FOR RELIEF**

For all the reasons stated above, Petitioner respectfully requests that the Honorable Court of Criminal Appeals grant this petition for discretionary review.

Respectfully submitted,

/s/ Ruben P. Morales
Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Avenue
El Paso, Texas 79901
915 - 542 - 0388
915 - 225 - 5132 fax
rbnpmrls@gmail.com

## **Certificate of Service**

I certify that on November 30, 2015 a copy of this petition was delivered via efile to the Office of the El Paso County District Attorney at DAappeals@epcounty.com, and to the State Prosecuting Attorney at information@spa.texas.gov.

/s/ Ruben P. Morales
Ruben P. Morales

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that Appellant's Petition for Discretionary Review contains 1,459 words and complies with the applicable Rules of Appellate Procedure.

<u>/s/ Ruben P. Morales</u>
Ruben P. Morales



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ABEL LUNA, | § | |
| | | No. 08-13-00151-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 409th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20110D01174) |

**O P I N I O N**

Appellant Able Luna was convicted of aggregated theft of property valued at $1,500 to $20,000 and sentenced to nine months' confinement in state jail. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2014). On appeal, Appellant contends the trial court abused its discretion in denying his motion for mistrial based on prosecutorial misconduct that occurred during his cross-examination by the State. Appellant also complains of alleged improper jury arguments in the guilt-innocence and punishment phases of the trial. Finally, Appellant argues the combined effect of cumulative errors requires reversal. We conclude the trial court did not abuse its discretion and there was no cumulative error. Accordingly, we affirm.

**BACKGROUND**

Appellant was the store manager of Ruby Lola, a boutique store specializing in accessories, handbags, jewelry, and clothing. The employees at Ruby Lola were allowed, on a short-term

basis, to take items from the store and wear them as part of the store's marketing efforts. The store also had a layaway policy under which employees received a discount on store merchandise and could take items from the store by placing them on layaway.

Appellant began to avail himself of these employee perks by taking merchandise from the store, but not bringing it back. The other employees began to notice and eventually brought it to the attention of the owners. An investigation revealed that Appellant was covering up these thefts by manipulating "reversal receipts" and keeping the cash. Reversal receipts were being generated reflecting that a customer had returned merchandise to the store and received cash back. But, no merchandise was being returned. Several customers testified they neither returned merchandise nor received cash back, as reflected on reversal receipts bearing Appellant's name.

Appellant's name was on all the fraudulent reversal receipts. Only Appellant and the store owners had the degree of computer access required to generate reversal receipts. The reversal receipts were generated at times when Appellant was confirmed to be on the store's computer. A reversal-receipt report documented that approximately $13,000 in cash was stolen through Appellant's reversal-receipt scheme. And, an inventory review disclosed that approximately $30,000 in merchandise was missing.

## DISCUSSION

### Mistrial Based on Prosecutorial Misconduct

*Standard of Review*

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State,* 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). We review the denial of a mistrial for an abuse of discretion. *Id.* We must uphold the

2

ruling if it was within the zone of reasonable disagreement. *Id.* In determining whether a trial court abused its discretion by denying a mistrial, we would balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) the effectiveness of the curative measures taken; and (3) the certainty of conviction or the punishment assessed absent the misconduct. *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998).

## *Background*

Appellant testified in the guilt-innocence phase of the trial. Before cross-examining Appellant, the prosecutor informed the trial court in a bench conference that the State believed Appellant had opened the door to the admission of extraneous-offense evidence by claiming mistake. The prosecutor requested permission to inquire whether Appellant had, among other things, stolen from his previous employers as well. The trial court denied the request, stating: "Those things aren't coming in."

Immediately following the trial court's ruling, the prosecutor asked Appellant:

Q. Okay, Mr. Luna, now, did you in fact work at another retail shop before you were working with Shelly Dominguez?

A. Yes.

Q. What was the name of that place?

A. Delia's Boutique.

Q. And you never stole any money there?

A. No, I did not.

Q. Nobody ever accused you of stealing money?

3

Defense counsel broke in exclaiming "Judge[,] Judge," and the trial court promptly called counsel to the bench. Without waiting for a specific objection, the trial court admonished the prosecutor in a lively exchange.[1] Defense counsel, without first raising an objection or requesting an instruction to disregard, moved for mistrial, stating only: "What is going on? I move for a mistrial, Your Honor." The trial court responded: "Your motion to disregard will be made to this jury. Your motion for mistrial at this time is denied." The trial court then instructed the jury to "disregard the last question, and the last response[.]"

*Analysis*

In Issue One, Appellant contends the trial court abused its discretion in denying his motion for mistrial because "the State disregarded the court's ruling and advanced before the jury extraneous offense evidence." Appellant argues that the prosecutor's deliberate disregard of the trial court's ruling constituted "prosecutorial misconduct that irreversibly tainted the jury."

---

[1] [Court]: Please tell me you didn't understand my ruling. Please tell me you didn't understand what I ruled, and that is the reason you went into it.

[Prosecutor]: I did understand, Your Honor.

[Court]: And you did it anyway.

[Prosecutor]: I just wanted to see if he was going to say that he had never been accused of it. I did not intend to go into it.

[Defense Counsel]: What is going on here, Judge?

[Court]: Do it again. Do it again.

[Prosecutor]: I will not.

[Court]: And see what happens to this case. Okay.

[Defense Counsel]: What is going on? I move for a mistrial, Your Honor.

[Prosecutor]: Your Honor, I do not believe that this manifests necessity.

[Court]: It will be if it happens again. Your motion to disregard will be made to this jury. Your motion for mistrial at this time is denied.

4

Waiver

As an initial matter, we must decide if Appellant has preserved error. The State contends Appellant waived any complaint of prosecutorial misconduct by failing to object and by failing to offer prosecutorial misconduct as a basis for mistrial. We agree that Appellant waived any complaint concerning prosecutorial misconduct.

The basic principle of error preservation is the complaining party must let the trial judge know what he wants and why he thinks he is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Chase v. State*, 448 S.W.3d 6, 11 (Tex.Crim.App. 2014); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex.Crim.App. 2014). The courts "are not hyper-technical in examination of whether error was preserved[.]" *Bekendam*, 441 S.W.3d at 300.

To preserve error, however, a party must make the trial court aware of the grounds for the motion or objection. A timely objection must be made that states the grounds "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" TEX.R.APP. P. 33.1(a)(1)(A); *see also* TEX.R.EVID. 103(a)(1)(B) (error may not be predicated on a ruling admitting evidence unless a timely objection is made that "states the specific ground, unless it was apparent from the context"); *Sample v. State*, 405 S.W.3d 295, 300 (Tex.App. – Fort Worth 2013, pet. ref'd) ("To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion."). Even constitutional errors can be forfeited if a party fails to properly object. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

5

The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule, and to allow opposing counsel to remedy the error. *Id.* Specific objections "promote the prevention and correction of errors" so that the parties and the judicial system "are not burdened by appeal and retrial." *Martinez v. State,* 91 S.W.3d 331, 336 (Tex.Crim.App. 2002). Appellate courts may not reverse a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised. *Id.* at 336; *Sample,* 405 S.W.3d at 300 ("A reviewing court should not address the merits of an issue that has not been preserved for appeal.").

Appellant here did not make any objection, and when Appellant moved for mistrial, he failed to state any grounds. The proper method to preserve error in cases of prosecutorial misconduct is to (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. *Penry v. State,* 903 S.W.2d 715, 764 (Tex.Crim.App. 1995); *Cook v. State,* 858 S.W.2d 467, 473 (Tex.Crim.App. 1993). We recognize that "this sequence is not essential to preserve complaints for appellate review." *Young v. State,* 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). But, at a minimum, it was incumbent on Appellant to raise prosecutorial misconduct as a basis for mistrial in order to preserve error on that ground on appeal.

Appellant let the trial judge know what he wanted – a mistrial. But, he failed to let the judge know why he wanted it – for prosecutorial misconduct. Prosecutorial misconduct is an independent basis for objection that must be specifically urged in order for error to be preserved. *Hajjar v. State,* 176 S.W.3d 554, 566 (Tex.App. – Houston [1st Dist.] 2004, pet. ref'd); *see also Temple v. State,* 342 S.W.3d 572, 603 n.10 (Tex.App. – Houston [14th Dist.] 2010), *aff'd,* 390 S.W.3d 341 (Tex.Crim.App. 2013) (same); *Perkins v. State,* 902 S.W.2d 88, 96 (Tex.App. – El

6

Paso 1995), *supplemented by*, 905 S.W.2d 452 (Tex.App. – El Paso 1995, pet. ref'd) (appellant's failure to object on the basis of prosecutorial misconduct waived that asserted error on appeal). By failing to raise prosecutorial misconduct as a ground for mistrial at trial, Appellant has preserved nothing for our review.

We also conclude prosecutorial misconduct as a ground for mistrial was not "apparent from the context[.]" TEX.R.APP.P. 33.1(a)(1)(A). For a complaint to be obvious without being explicitly stated and still be sufficient to preserve error, "there [must] have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be." *Clark*, 365 S.W.3d at 339. There are no statements or actions on the record here that clearly indicate the judge and the prosecutor understood Appellant was moving for mistrial based on prosecutorial misconduct.

Alternative Basis for Mistrial

Appellant's brief appears to raise only prosecutorial misconduct as a ground for reversal. Appellant's brief is not entirely clear on this point, however. Consequently, we will assume Appellant is also arguing the trial court should have granted mistrial on the ground that extraneous-offense evidence was referenced in front of the jury. We will further assume that argument has been preserved for appeal. Even making these assumptions, however, we conclude the trial court did not abuse its discretion.

First, no extraneous offense evidence was admitted. An improper reference to an extraneous offense occurs where the evidence shows both a crime or bad act and that the defendant was connected to or involved in it. *Holmes v. State*, 962 S.W.2d 663, 672 (Tex.App. – Waco 1998, pet. ref'd, untimely filed). "Evidence of an extraneous offense must necessarily involve

7

evidence of prior criminal *conduct* by the accused." *McKay v. State*, 707 S.W.2d 23, 31-32 (Tex.Crim.App. 1985); *Nguyen v. State*, 177 S.W.3d 659, 667 (Tex.App. – Houston [1st Dist.] 2005, pet. ref'd). Evidence of an extraneous offense is not established if the evidence presented does not show an offense was committed or fails to connect the defendant to it. *McKay*, 707 S.W.2d at 32; *Nguyen*, 177 S.W.3d at 667.

Here, Appellant denied he had stolen money from his prior employer, and Appellant never had the opportunity to answer whether he had been accused of stealing money by his former employer. The evidence presented did not show prior criminal conduct by Appellant. Mistrial is an appropriate remedy only for highly prejudicial and incurable "errors." *See Ocon,* 284 S.W.3d at 884 (noting that mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors). Here, there was no error because no extraneous-offense evidence was admitted. The trial court therefore could not have abused its discretion in refusing to grant mistrial when no extraneous-offense evidence was admitted.

Second, even applying the balancing test does not show an abuse of discretion. The magnitude of any prejudicial effect was low. The only evidence the jury heard was Appellant's denial that he had stolen money from his prior employer. And, no other reference was made to this evidence in the guilt-innocence phase of the trial. Further, the trial court promptly instructed the jury to disregard the evidence that was presented. "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer[.]" *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000). And, on appeal, we generally presume the jury follows the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005).

8

Even an improper reference to an extraneous offense will generally be rendered harmless by a prompt instruction to disregard. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992) (holding testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to the jury to disregard); *Coe v. State*, 683 S.W.2d 431, 435-36 (Tex.Crim.App. 1984) (holding instruction to disregard cured error resulting from witness's reference to "other robberies" suggesting the appellant had committed them); *Lachapelle v. State*, 579 S.W.2d 1, 1-2 (Tex.Crim.App. 1979)(explaining that a prompt instruction to disregard cured any error arising out of witness's reference to another case that suggested the defendant had committed another crime).

Nor do we find the isolated reference here to be of such character as to suggest the impossibility of withdrawing any impression it may have produced in their minds of the jury. *See Kemp,* 846 S.W.2d at 308 (an instruction to disregard may be insufficient to cure when it appears the mere asking of the question was clearly calculated to inflame the minds of the jury, and was of such character as to suggest the impossibility of withdrawing the impression produced in their minds). In any event, the "impossibility" exception applies only when it appears that asking the question was tantamount to prosecutorial misconduct. *See Perkins,* 902 S.W.2d at 96 (citing *Huffman v. State,* 746 S.W.2d 212, 218 (Tex.Crim.App. 1988)). As determined above, Appellant waived any complaint of prosecutorial misconduct. We conclude the motion to disregard was sufficient to render any error harmless.

In sum, Appellant has waived error, and to the extent error was not waived, the trial court did not abuse its discretion in denying Appellant's motion for mistrial. Issue One is overruled.

### Improper Jury Argument

Appellant's second and third issues involve alleged improper jury arguments by the State

9

in both the guilt-innocence and punishment phases of the trial. Proper jury argument includes four areas: (1) summation of the evidence presented at trial, (2) reasonable deduction drawn from that evidence, (3) answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000); *McFarland v. State,* 845 S.W.2d 824, 844 (Tex.Crim.App. 1992).

*Guilt-Innocence Phase*

In Issue Two, Appellant attacks portions of the State's closing argument in the guilt-innocence phase. First, he contends that during final rebuttal argument, the State impermissibly shifted the burden of proof to the defense. Specifically, Appellant complains of the following passages where the State argued the defense failed to use his subpoena power to present evidence to support his assertion that someone had manipulated the store's computer so that the reversal receipts falsely reflected his name:

> Well, let's look at what his story is. The defendant's story. This is his defense. Well, defense counsel brought up that this was a product of faulty QuickBooks. Where is that evidence? We didn't see any evidence involving QuickBooks. The defendant has subpoena power. He can bring that.
>
> ...
>
> This QuickBooks can only spit out that which you put into it. Somebody inputted it and that is what comes out of it. If there was a problem with QuickBooks, where is that evidence?

The State contends the argument did not shift the burden of proof and was a proper summation of the evidence that was presented at trial. We agree.

It is well-settled law that a prosecutor may properly comment on a defendant's failure to produce testimony from sources other than himself, and that those comments do not shift the burden of proof when it is relevant to a disputed issue. *Jackson*, 17 S.W.3d at 674 (holding that

10

prosecutor's comments concerning defendant's failure to call his experts to the stand to refute the State's DNA evidence were not comments on the defendant's failure to testify and "did not impermissibly shift the burden of proof to the defense"). A prosecutor's comment that the appellant could have produced evidence to support a defensive theory goes to the credibility of the appellant's defense and does not shift the burden of proving the elements of the offense. *Baines v. State*, 401 S.W.3d 104, 109 (Tex.App. – Houston [14th Dist.] 2011, no pet.) (holding that the prosecutor's statement that defendant "has the same subpoena power" and could have called witnesses to testify in his defense was "a permissible remark about appellant's failure to produce evidence in his favor on his defense and did not shift the burden of proof to appellant").

The record reflects here that the State presented evidence of the protection provided by the computer's passwords and log-on requirements, to establish that it was Appellant, and not some other person or employee, who had utilized the computer program to generate the false reversal receipts. Appellant's defensive theory, as established by his own testimony, was that someone else had manipulated the store's QuickBooks program so that all of the reversal receipts falsely reflected his name. We conclude that the State's argument to the jury (that Appellant failed to subpoena witnesses or to produce evidence regarding the unreliability of the QuickBooks program) went to the credibility of Appellant's defense and was a proper summation of the evidence, and thus did not impermissibly shift the burden of proof to the defense.

Appellant also contends in his second issue that the trial court erred in denying his motion for mistrial when the State referenced Bernie Madoff:

> [Prosecutor]: This world runs on trust. They [the store owners] are not ridiculous, or goofy or idiotic for trusting the defendant. Everybody remember Bernie Madoff the financial advisor to New York.

11

[Defense Counsel]: I am going to object to that, Judge. Improper argument. The manifest is improper [sic].

[Court]: Sustained.

[Defense Counsel]: Move to disregard.

[Court]: The jury will disregard that last statement.

[Defense Counsel]: Move for mistrial.

[Court]: Your motion for mistrial is denied.

The State acknowledges that jury argument comparing a defendant with a notorious person is generally improper, citing *Marriott v. State*, No. 10-09-00122-CR, 2010 WL 2869781, at *9 (Tex.App. – Waco July 21, 2010, no pet.) (not designated for publication) (State's argument that compared the defendant with Bernie Madoff was improper). The State asserts there is no error, however, because the prosecutor here did not actually compare Appellant to Madoff, but that in any event the error was harmless. We note that when the trial court has sustained an objection to jury argument, instructed the jury to disregard, and then denied mistrial, approaching the issue as one of harm is not a correct characterization of the issue. *Hawkins*, 135 S.W.3d at 76. The trial court has essentially already performed both an error and harm analysis in balancing the relevant factors. The proper issue on appeal is whether the trial court, having already balanced the relevant factors, abused its discretion in determining that the conduct did not require a mistrial. *Id.* at 77. We therefor apply the *Mosley* factors in determining whether a trial court abused its discretion by denying a mistrial; in doing so, we balance: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) the effectiveness of the curative measures taken; and (3) the certainty of conviction or the punishment assessed absent the misconduct. *Id.*

Here, the magnitude of any prejudicial effect was low. The State's argument asked only if the jury had ever heard of Madoff. This was the sole reference to Madoff. And, because of defense counsel's prompt objection, no comparison to Madoff was ever made. Further, the trial court promptly instructed the jury to disregard the reference. A prompt instruction to disregard ordinarily cures any harm from improper argument. *Wesbrook v. State,* 29 S.W.3d 103, 115–16 (Tex.Crim.App. 2000); *Walker v. State*, No. 08-13-00239-CR, 2015 WL 1396043, at *5 (Tex.App. – El Paso Mar. 25, 2015, no pet. h.). We conclude the prosecutor's single reference to Bernie Madoff, without elaboration, was not so extreme as to render ineffective the trial court's instruction to disregard. Finally, the certainty of Appellant's conviction was high absent the misconduct. Several customers testified they neither returned merchandise nor received cash back, as reflected on reversal receipts bearing Appellant's name. Appellant's name was on all the fraudulent reversal receipts. Only Appellant and the store owners had the degree of computer access required to generate reversal receipts, and the reversal receipts were generated at times when Appellant was confirmed to be on the store's computer. We conclude the trial court did not abuse its discretion in refusing to grant mistrial. Issue Two is overruled.

*Punishment Phase*

In Issue Three, Appellant complains that the trial court abused its discretion when if denied mistrial "after the State advanced manifestly improper argument at the punishment phase, to include referencing extraneous judgments not in evidence." In particular, Appellant notes that in addressing punishment, his counsel argued that he had never been convicted of a felony or misdemeanor, and that the State had offered no judgments that he had been convicted in any way. In response, the State argued:

> You'll recall the testimony of Jorge Perez Vinglet [sic]. The testimony was [Appellant was] convicted of DWI. Okay? He wasn't sent to prison so you draw the conclusion what did he do before that for punishment for his DWI. Yeah, we – we have judgments. We didn't bring them.

The trial court sustained Appellant's objection that the statement "we have judgments" was "totally outside of this record" and "manifestly improper," and instructed the jury to disregard that statement as Appellant requested. Appellant then moved for mistrial which was denied. Appellant contends the State's argument "attempted to introduce extraneous judicial orders not in the record, and amounted to prosecutorial misconduct." We conclude the trial court did not abuse its discretion in denying a mistrial.

## Waiver

Like his prosecutorial-misconduct complaint concerning the admission of extraneous-offense evidence discussed above, Appellant has waived any complaint of prosecutorial misconduct concerning the State's argument in the punishment phase. Appellant objected to the State's argument only on the ground the argument was outside the record and manifestly improper. As discussed above, prosecutorial misconduct is an independent basis for objection that must be specifically urged in order for error to be preserved. *Hajjar,* 176 S.W.3d at 566. Further, it is well-settled that the ground raised on appeal must comport with the ground raised in the trial court. *Clark*, 365 S.W.3d at 339; *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App. 1986). By failing to raise prosecutorial misconduct as a ground for mistrial at trial, Appellant has preserved nothing for our review.

## Alternative Basis for Mistrial

We will consider, however, whether the trial court abused its discretion in denying mistrial on the ground that the State argued facts not in evidence. In doing so, we balance three factors:

14

(1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Hawkins,* 135 S.W.3d at 77.

In addressing the severity of the misconduct and magnitude of any prejudicial effect, Appellant correctly asserts that no such judgments had been introduced and that some testimonial references were only to Appellant having been "arrested" for DWI. Appellant also contends there was no "direct" evidence of a DWI conviction. But, we note that in his cross-examination of Mr. Perez-Vinalet, Appellant's counsel indirectly informed the jury that Appellant had been convicted of misdemeanor DWI:

> Q. To your knowledge has Abel Luna ever been convicted of a felony?
>
> A. I am not sure if DWI is a felony.
>
> Q. No. It is a misdemeanor.
>
> A. Okay.
>
> Q. *So other than that – other than his DWI conviction that you are aware of* to your knowledge has he ever been convicted of a felony?
>
> A. I am not aware of it. (Emphasis added).

Thus, any prejudicial effect is somewhat mitigated because the jury was informed that Appellant had one prior conviction for misdemeanor DWI. Thus, the prosecutor's statement that Perez-Vinalet testified Appellant was "convicted of DWI" was true. On the other hand, the State's argument informed the jury it had "judgments," that is, more than one judgment, possibly allowing the jury to speculate that Appellant had more than this one misdemeanor DWI conviction. Appellant points out a subsequent argument by the State that: "Do you think he's a good candidate for probation when he's been convicted of DWI?" But, because the jury had been

informed that Appellant had been convicted of misdemeanor DWI, this assertion did not magnify any prejudicial effect because it was a true statement. Appellant contends that other portions of the State's argument magnified the prejudicial effect. None of these arguments by the State, however, had any relevance to the complained-of remark about other "judgments."

Thus, the trial court was faced with a single reference to "judgments" of conviction, when there were no paper judgments in evidence and the only testimonial evidence was that Appellant had one conviction for misdemeanor DWI. Once requested by Appellant, the trial court promptly instructed the jury to disregard the prosecutor's statement. As noted above, even an improper reference to an extraneous offense will generally be rendered harmless by a prompt instruction to disregard. *Kemp*, 846 S.W.2d at 308. We conclude the prosecutor's single reference to having "judgments," without elaboration, was not so extreme as to render ineffective an instruction to disregard.

As to the possible effect on the punishment assessed, the record reveals that Appellant requested probation, while the State asked the jury to sentence Appellant to one year in a state jail facility, without suspending or probating the sentence. The range of sentencing the jury could consider was a minimum of six months and a maximum of two years' confinement, and up to a $10,000 fine. The jury assessed a sentence of nine months and a $7,500 fine. Thus, the jury assessed a shorter sentence than requested by the State, and a sentence only three months greater than the minimum it was required to assess. Further, the evidence demonstrated a fraudulent scheme by a trusted employee that deprived the victim store owners of approximately $13,000 in cash and approximately $30,000 in inventory.

Moreover, the jury heard evidence during the punishment phase that as a result of Appellant's actions, the store owner was required to take out a $65,000 line of credit and invest $95,000 from his IRA to keep the business afloat. At the time of trial, the owner was still paying $20,000 per year in interest alone on that debt. Despite this infusion of cash, the owners were eventually forced to sell the store. When asked whether he wanted the jury to send Appellant to jail or to assess probation so that Appellant could pay him back, the owner opted for incarceration. The jury also heard evidence that Appellant had been arrested for two prior DWI's, and had been in rehab for cocaine abuse numerous times. Evidence was also presented that Appellant had stolen up to $700 from a co-worker's purse while on a business trip for the store, and had stolen up to $4,500 in merchandise from one former employer and an unspecified amount from another. In light of this evidence, we conclude that the State's erroneous reference to "judgments," which was followed promptly by an instruction to disregard, could not have had any appreciable effect on the sentence imposed.

Any error was isolated, and the trial court took immediate curative action in instructing the jury to disregard. The jury assessed punishment in the lower half of the available range and only three months greater than the minimum required. Under these circumstances, the trial court was reasonable in believing that its instruction to disregard was effective and that Appellant suffered no prejudice from the prosecutor's comment. We conclude the trial court did not abuse its discretion in denying the request for a mistrial. Issue Three is overruled.

**Cumulative Error**

In Issue Four, Appellant argues the cumulative effect of the prosecutor's improper arguments was so prejudicial that he was denied due process and a fair trial.

17

Cumulative error concerns performance of a harm analysis once multiple errors have been established. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex.Crim.App. 1999). The only "errors" we have identified were the isolated reference to Bernie Madoff in the guilt-innocence phase and the isolated reference to other "judgments" in the punishment phase, both of which we have determined were cured by prompt instructions to disregard. Having already determined Appellant either waived or failed to establish any error, there can be no cumulative error or harm. *See Wyatt v. State*, 23 S.W.3d 18, 30 (Tex.Crim.App. 2000) (rejecting appellant's argument that cumulative effect of errors at trial denied him the right to a fair trial where the court had previously rejected each of appellant's individual arguments). Issue Four is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

July 29, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

18